IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK COLE, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 1:14-cv-01118-STA-egb |
| | ) | Cr. No. 1:11-cr-10080-STA-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

ORDER DISMISSING § 2255 MOTION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is the amended motion of Petitioner, Frederick Cole, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Amended Petition"). (Am. Pet., ECF No. 8.) For the reasons that follow, the Amended Petition is **DISMISSED** as untimely.

**BACKGROUND**

On November 9, 2011, a criminal information was filed in this district charging Cole with conspiracy to traffic more than one hundred kilograms of marijuana, in violation of 21 U.S.C. §§ 846. (Information, *United States v. Cole*, No. 1:11-cr-10080-STA-1 (W.D. Tenn.) ("Cr. Case"), ECF No. 2.) On that same date, the defendant appeared before the Court to waive his right to an indictment and plead guilty to the information. (Waiver, Cr. Case, ECF No. 3; Min. Entry, Cr. Case, ECF No. 5; Plea Agreement, Cr. Case, ECF No. 6.)

Petitioner was represented by attorney Mark Donahoe throughout a three-day sentencing hearing. The Court heard testimony and argument related, primarily, to the issues of drug quantity and obstruction of justice. (Sent. Hrg. Tr., Cr. Case ECF Nos. 41, 44, 50.) The Court

found that, for purposes of establishing Cole's base offense level, the total drug quantity attributable to him fell within the 1000-3000 kilogram range. *See* 2011 United States Sentencing Commission, *Guidelines Manual* ("U.S.S.G." or "Guidelines"), § 2D1.1. The Court also found that Cole's offense level should be increased by two levels for obstruction of justice involving his attempts to threaten federal officials involved in his case. *See* U.S.S.G. § 3C1.1. After granting a downward departure, the Court sentenced the defendant to 240 months' incarceration, four years of supervised release, and a $100 special assessment. (Judgment, Cr. Case, ECF No. 34.) Judgment was entered on September 4, 2012. (*Id.*)

Petitioner subsequently filed a *pro se* notice of appeal. (Not., Cr. Case, ECF No. 39.) On December 12, 2012, the Sixth Circuit granted the government's motion to dismiss the appeal as untimely. *United States v. Cole*, No. 12-6392 (6th Cir. Dec. 12, 2012).

## POST-CONVICTION FILINGS AND § 2255 PETITION

On February 11, 2013, Petitioner filed a motion in his criminal case styled "Judicial Notice of Records and Permission[] to Proceed In Forma Pauperis" ("Motion for Transcripts"). (Mo. Trans., Cr. Case, ECF No. 45.) By his motion, Cole requested "a copy" of his sentencing transcripts "at the expense of the government." (*Id.* at 1.) He explained that his attorney had "fail[ed] to mail his transcripts" to him, and that he needed them in order "to file a proper motion for relief pursuant to 18 U.S.C. § 3742 and § 2255." (*Id.* at 2.) He "assert[ed] the transcripts contain sentencing violations as depicted in the Supreme Court decision of *Shepard v. U.S.*, 544 U.S. 13 . . . and *Townsend v. Burke*, 334 U.S. 736, 740-41[,] . . . where it is error to be sentenced base on inaccurate information." (*Id.*) The Court subsequently denied the motion. (Order, Cr. Case, ECF No. 46.)

On May 20, 2014, Petitioner, through retained counsel, filed his § 2255 Petition. (Pet., ECF No. 1.) He asserted a single ground for relief and supplied no supporting facts:

> Ground One: The petitioner received ineffective assistance of counsel, in violation of his Sixth Amendment rights.
>
> Supporting Facts: Present counsel has only recently begun work on this case and would, if it please the Court, reserve the right to file a further amended and supplemental motion more fully setting out the defendant's claim.

(*Id.* at 4.) The Petition also referenced Petitioner's Motion for Transcripts, characterizing it as Coles' "initial § 2255 motion." (*Id.* at 5.)

In its review of the Petition on October 13, 2014, the Court noted that, despite counsel's statement that he would "further amend[]" the petition, he had not done so. (Order, ECF No. 5 at 1.) The Court therefore ordered Petitioner "to file any amendment or supplement he may have to his § 2255 Motion within twenty-eight days." (*Id.*) The Amended Petition was not filed until April 21, 2015, and was filed without leave of Court. (Am. Pet., ECF No. 8.)

On April 27, 2017, the Court allowed the filing of the Amended Petition *nunc pro tunc*, granted counsel's motion to withdraw, and ordered the government to respond to the Amended Petition. (Order, ECF No. 12.)

Although the Amended Petition was prepared and submitted by counsel, the specific factual allegations appear to be Petitioner's own words. (*See* Am. Pet., ECF No. 8 at 4, 13.) With regard to many of the allegations, it is difficult to discern what, exactly, Petitioner is trying to claim. Although a petition prepared by counsel is not entitled to the same liberal construction reserved for *pro se* petitions, the Court nevertheless employs some measure of liberality in construing Cole's claims as follows:

> Claim 1: Counsel was ineffective for failing to object to the "inaccurate information" used at sentencing to enhance his offense level under the Guidelines, specifically:

3

(a) With regard to the drug quantity involved, counsel should have objected to the introduction of false statements attributed to Timothy Davis relating to Petitioner's involvement in the "truck full of drugs."

(b) With regard to obstruction of justice, counsel should have objected to hearsay evidence, introduced through a law enforcement officer, that two people "accused [Petitioner] of making threats against officials."

(c) With regard to obstruction of justice, counsel should have objected to the introduction of false statements by co-defendant Angela Bass regarding Petitioner's threats.

(d) With regard to obstruction of justice, counsel should have objected to the testimony of a fellow inmate who described Cole's conduct and threats.

Claim 2: Counsel was ineffective for failing to file a notice of appeal after Petitioner "told him to."

Claim 3: Counsel was ineffective in providing an incorrect sentencing prediction.

Claim 4: Counsel was ineffective because he had a conflict of interest. Specifically, counsel had previously represented the lead investigator on Petitioner's case.

Claim 5: Counsel was ineffective for failing to ensure that Petitioner received a "copy of the wire-tap warrants."

(Am. Pet., ECF No. 8 at 4, 13.)[1]

In its answer, Respondent asserts that the habeas claims are untimely and, alternatively, without merit. (Ans., ECF No. 13.) In support of its merits arguments, the government relies on the affidavit of attorney Donahoe. (Donahoe Aff., ECF No. 13-1.)

---

[1] Petitioner's reference to his "criminal history points [being] . . . wrong" is confusing, and thus the Court does not construe it as a cognizable claim. Cole alleges that discovery showed that the wife and cousin of his co-defendant Andre Walker had "been to family gatherings," and some "guy" "talk[ed] about [how] he used to supply Walker with drugs not me." (Am. Pet., ECF No. 8 at 4.) The allegation has no obvious bearing on the criminal history points calculation.

Donahoe avers that he did not have a conflict of interest because he never represented the lead investigator in Cole's case; he did not advise Petitioner that he would receive no less than 36 months and no more than 60 months in prison; and Petitioner did not ask him to appeal his conviction or sentence. (*Id.*)

## DISCUSSION

The Court determines that the claims asserted in the Amended Petition are time-barred, and therefore must be dismissed.[2]

1. <u>§ 2255 Limitations Period</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one year of the date his conviction becomes final. 28 U.S.C. § 2244 *et seq*. Paragraph (f) of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] The claims set forth in the Amended Petition are before the Court, as that self-contained pleading superseded the Petition. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (amended petition superseded original petition) (citing *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes.")).

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Generally, "a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002). For a defendant who does not take a direct appeal, the judgment of conviction becomes final upon the expiration of the time for him to seek direct review. *Sanchez-Castellano v. United States,* 358 F.3d 424, 426–27 (6th Cir. 2004). Under the Federal Rules of Appellate Procedure, a defendant in a criminal case normally has fourteen days from entry of judgment in which to appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i).

The one-year statute of limitations in 28 U.S.C. § 2255(f) is not a jurisdictional bar and is subject to equitable tolling under extraordinary circumstances. *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012). Equitable tolling requires the petitioner to show that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* Additionally, a credible showing of actual innocence will allow a petitioner to overcome the statute of limitations, rather than provide him an excuse for the late filing. *Yousafzai v. United States*, No. 17-1071, 2017 WL 3185189, at *2 (6th Cir. June 7, 2017) (citing *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005)).

2. <u>Petitioner's Claims are Untimely</u>

Petitioner, here, did not take a timely direct appeal. His conviction therefore became final on September 18, 2012, which was fourteen days after entry of the amended judgment on September 4, 2012. The § 2255 limitations period began to run at that time and expired one year later, on September 18, 2013.

As noted, the Petition in this case was filed on May 20, 2014, and the Amended Petition on April 21, 2015. Petitioner's claims are therefore untimely. Cole does not argue equitable tolling to excuse his late filing or actual innocence to overcome it. Instead, he contends that his claims are, in fact, timely because his Motion for Transcripts, which he filed in his criminal case within the limitations period, should be construed as a § 2255 motion. The argument is rejected.

Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, provides that a § 2255 petition must:

(1) specify all the grounds for relief available to the moving party;

(2) state the facts supporting in each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the movant or by a person authorized to sign it by the movant.

In *United States v. Redding*, 2011 WL 2078954, *1 (E.D. Mich. May 25, 2011), the petitioner requested that the court construe his motion "to compel his counsel to produce a copy of his file" as a "motion seeking relief under §2255." *Id.* The motion to compel stated that the petitioner had "'learned of potential government misconduct and possible ineffective assistance of counsel,' and that [the petitioner was] . . . 'in the process of preparing a motion under 28 U.S.C. § 2255.'" *Id.* The motion "further assert[ed] that [the petitioner] need[ed] access to the file maintained by his trial counsel in order to 'properly prepare and support his . . . claims.'" *Id.* The court concluded that the motion to compel was not a § 2255 petition. The motion did not "identify any facts or allegations that might support any . . . award of relief," and the petitioner's "mere promises of forthcoming claims or arguments d[id] not qualify as viable requests for relief under 28 U.S.C. § 2255." *Id. See also Gregory v. Bassett*, No. 3:07-CV-790, 2009 WL 455267,

at *2 (E.D. Va. Feb. 23, 2009) ("Courts may construe a motion for extension of time as a habeas petition provided the motion contains sufficient allegations supporting the claim for relief.").

Here, as Respondent points out, Petitioner's motion is simply a request for sentencing transcripts at the government's expense. Like the motion to compel in *Redding*, the motion here does not contain factual allegations in support of a claim, as required by Rule 2(b)(2), but merely promises a forthcoming claim. (*See* Mo. Trans., Cr. Case, ECF No. 45 at 2) ("Defendant . . . needs [the transcripts] to file a proper motion for relief pursuant to 18 U.S.C. § 3742 and § 2255."). *See Redding*, 2011 WL 2078954, *1; *see also Ramirez v. United States*, 461 F. Supp. 2d 439, 441 (E.D. Va. 2006) (holding that petitioner's motion for extension of time to file a § 2255 petition was not a § 2255 petition, where it "allege[d] little beyond forecasting that a forthcoming § 2255 petition will contain five grounds for relief"). Cole's motion also does not "state the relief requested," as Rule 2(b) requires.

Accordingly, even under a liberal construction, the Motion for Transcripts is not a § 2255 petition. *See Magdaleno v. United States*, No. 7:06-CR-00703-GRA, 2009 WL 4432577, at *4 (D.S.C. Nov. 25, 2009) (liberally construed, petitioner's letters did not constitute habeas petitions; they "utterly fail[ed] to comply with the Rules Governing § 2255 Proceedings [in that they] . . . fail[ed] to clearly specify the grounds available for relief or to adequately state the facts supporting each ground"), *aff'd sub nom United States v. Magdaleno*, 372 F. App'x 372 (4th Cir. 2010).

Even if the Court were to construe the Motion for Transcripts as a § 2255 petition, none of the claims presented in the Amended Petition relate back to that earlier filing. Federal Rule of Civil Procedure 15(c)(1) "creates an exception" to the AEDPA's one-year limitation period. *Hill v. Mitchell*, 842 F.3d 910, 922 (6th Cir. 2016). Rule 15(c)(1) provides, in pertinent part, that

8

"[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out— or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Accordingly, "when a prisoner files an original [habeas] petition within the one-year deadline, and later presents new claims in an amended petition filed after the deadline passes, the new claims relate back to the date of the original petition if the new claims share a 'common core of operative facts' with the original petition." *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011) (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)).

Because the central inquiry is whether the original claim and the new claim arise from the same core of operative facts, a conclusory original claim, unaccompanied by any factual support, may preclude relation back. *See Hill*, 842 F.3d at 924. In *Hill*, the petitioner sought to amend his petition after the limitations period expired. The amendment asserted a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), and contained specific factual allegations about the evidence purportedly suppressed by the prosecution. In contrast, the petitioner's original claim, which was brought in a timely-filed petition, was a mere conclusory allegation of a *Brady* violation. The Sixth Circuit held that the new claim did not relate back to the original claim because the latter was "bereft of specific fact allegations or evidentiary support." *Hill*, 842 F.3d at 924. Although both claims were labeled as *Brady* claims, the original claim "merely speculated that the State had *Brady* material, nothing more." *Id.* It "did not identify, even in general terms, the nature of any suppressed information believed to be exculpatory or impeaching or how such suppressed information was material to the defense." *Id.* In short, the amended claim did not relate back to the original claim because the latter "alleged no operative facts out of which the amended claim could also be deemed to have arisen." *Id.* at 925.

9

Here, assuming that the Motion for Transcripts is a § 2255 petition, the "claim" set forth therein consists of the sole allegation that there were "sentencing violations as depicted in the Supreme Court decision[s] in *Shepard v. U.S.* . . . and *Townsend v. Burke*, . . . where it is error to be sentenced based on inaccurate information." (Mo. Trans., Cr. Case, ECF No. 45 at 2.) The Supreme Court in *Shepard v. United States*, 544 U.S. 13 (2005), held that a sentencing court cannot take account of police reports or complaint applications when inquiring into whether, "under the [Armed Career Criminal Act, 18 U.S.C. § 924(e)][,] . . . a plea of guilty . . . necessarily admit[s] elements of [a] generic offense." *Id.* at 26. *Townsend v. Burke*, 334 U.S. 736 (1948), "establishes the principle that the Due Process Clause . . . is violated when a defendant is sentenced on the basis of materially false information." *Stewart v. Erwin*, 503 F.3d 488, 499 (6th Cir. 2007) (citing *Townsend,* 334 U.S. at 74).

Petitioner, here, was not sentenced under the Armed Career Criminal Act. The Supreme Court's decision in *Shepard*, therefore, provides no apparent support for Petitioner's challenge to his sentence. *Townsend*, however, appears generally applicable to Petitioner's case. The Court therefore construes the "claim" set forth in the Motion for Transcripts as a bare allegation that Cole's right to due process was violated when he was sentenced based on inaccurate information.

Because this original "claim" is "bereft of specific fact allegations or evidentiary support," *Hill*, 842 F.3d at 924, none of the claims set forth in the Amended Petition can be said to arise from its (unknown) factual predicate. This is true even of Claim 1 of the Amended Petition, which alleges that counsel was ineffective for failing to object to the use of "inaccurate information" at sentencing. Although the original claim and Claim 1 share the broad allegation about "inaccurate information," Claim 1 is based on an identifiable set of occurrences or conduct, specifically, certain witnesses' hearsay statements and allegedly false reports, while the

original claim does not "identify, even in general terms, the nature of [the] . . . information believed to be" inaccurate. *Id.* As in *Hill*, the original claim here is so sparse that the Court cannot determine if it arises from the same conduct and occurrences as alleged in the later-filed claim. *See id.* at 925; *see also Plunk v. Hobbs*, No. 5:08-CV-00203 SWW-JWC, 2010 WL 6083828, at *12 (E.D. Ark. Dec. 2, 2010) (where "Petitioner's timely, initial *pro se* petition raised only a broad claim of ineffective-assistance and 'governmental misconduct,'" it was "doubtful that" the petition "could provide a basis for relation-back of the expanded factual and legal allegations in Petitioner's later *pro se* pleadings, much less the counsel-filed superseding petition"), *report and recommendation adopted*, No. 5:08-CV-00203 SWW-JWC, 2011 WL 900037 (E.D. Ark. Mar. 15, 2011).[3]

In addition, logic alone dictates that Claims 2 through 5 of the Amended Petition do not arise from the same occurrence as the original claim. Specifically, the claims that counsel failed to file an appeal (Claim 2), incorrectly predicted Cole's sentence (Claim 3), had a conflict of

---

[3] Even if it were timely, Claim 1 would fail on the merits. Petitioner's counsel did, in fact, challenge—numerous times—the prosecution's use of hearsay evidence to establish the amount of drugs and Cole's obstruction of justice (Claim 1(a), (b)). (Sent. Hrg. Tr., Cr. Case, ECF No. 44 at 180-183, 184, 185, 200, 225, 230, 231, 233, 234; ECF No. 50 at 16-17, 103.) *See Goff v. Bagley*, 601 F.3d 445, 463 n.7 (6th Cir. 2010) (a habeas claim is without merit where petitioner's underlying factual allegation is "belied by the record.") And even if counsel had not objected, there was no prejudice; courts may consider hearsay evidence that is relevant to a Guidelines enhancement where it has "sufficient indicia of reliability to support its probable accuracy," which the hearsay evidence at Cole's sentencing did. *United States v. Cureton*, 661 F. App'x 369, 382 (6th Cir. 2016) (quoting U.S.S.G. § 6A1.3(a)) and citing *United States v. Robinson*, 898 F.2d 1111, 1115 (6th Cir. 1990)).

Counsel also vigorously objected to the officers' testimonies about statements made by truck driver Timothy Davis regarding Cole's involvement with a large truckload of drugs (Claim 1(a)), and about Angela Bass's statement that Cole requested that she research the addresses of certain federal officials involved in his case (Claim 1(c)). (*See* Sent. Hrg. Tr., Cr. Case, ECF No. 50 at 16-17, 20, 111-112, 113-128.) Counsel also conducted an extensive cross-examination of the officer who testified about Angela Bass's statements (Claim 1(c)) and of a fellow inmate who testified about Cole's threats (Claim 1(d)). (*Id.*, Cr. Case, ECF No. 50 at 113-128; ECF No. 44 at 146-172.)

11

interest (Claim 4), and failed to secure for Petitioner's review a copy of the wire-tap warrants (Claim 5), are "distinct type[s] of attorney misfeasance" that do not relate back to the original claim's concern about "inaccurate information" at sentencing. *Washington v. United States*, No. 2:05-CV-160, 2006 WL 1321024, at *7 (S.D. Ohio May 15, 2006) ("'[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance.'") (quoting *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (footnote omitted)); *see also Watkins v. Deangelo-Kipp*, 854 F.3d 846, 849-50 (6th Cir. 2017) (supplemental claim that trial counsel was ineffective in failing to secure psychiatric evaluation did not relate back to original petition which asserted a different form of attorney ineffective assistance).

In summary, the Court determines that the Motion for Transcripts is not a § 2255 petition, and that, even if it were, none of the claims set forth in the Amended Petition relate back to that earlier motion. As Petitioner has not asserted equitable tolling to excuse the late filing, or actual innocence to overcome it, the Amended Petition is **DISMISSED** as untimely.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253 (c)(2) & (3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322,

336 (2003) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). If the district court rejects a claim on a procedural ground, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478.

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the claims as untimely. Because any appeal by Cole does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.[4]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 10, 2017.

---

[4] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.